## UNITED STATES v. POWERS et al.
### No. 8419.

Circuit Court of Appeals, Ninth Circuit.

Feb. 1, 1938.

Rehearing Denied March 8, 1938.

John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont., and Kenneth R. L. Simmons, Dist. Counsel, Dept. of Interior, of Billings, Mont.

T. H. Burke and E. E. Collins, both of Billings, Mont., for appellees.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

This suit was brought by the United States to enjoin the defendants, residing within the Crow Indian Reservation in Montana from diverting any of the waters of Lodge Grass creek or Little Big Horn river and their tributaries. The bill in equity alleged the setting aside of the Crow Indian Reservation by treaty in 1868, 15 Stat. 649, with the intention of the United States to change the Crow Indians from their nomadic habits to those of a pastoral civilized people; that "there was at that time reserved sufficient water of the reservation for the needs of the Crow Tribe or nation of Indians for irrigation, domestic and other purposes"; that all of the lands within the reservation are arid in character and that, in order to make the land productive and suitable for agriculture, large quantities of water were required for irrigation "to-wit: one inch to the acre" and that irrigation ditches, canals, etc., were to be constructed for this purpose; that the normal flow of the Lodge Grass creek and the Little Big Horn river was insufficient to irrigate all of the lands lying within the reservation; that the United States undertook an irrigation project and, in pursuance thereof, caused to be constructed dams, ditches, canals, etc.; that these ditches divert the waters of said creek and river and conduct it to lands within the reservation; that there are 23,000 acres susceptible of being cultivated by irrigation if water were available but there is not sufficient water to irrigate more than 15,000 acres of lands lying under such irrigation project; that much of the cost of construction of this project was paid for out of the tribal funds of the Crow Tribe of Indians; that by reason of drought, the flow of these rivers has been diminished. Then follow paragraphs in which are described the lands of the various

defendants and the amount of water diverted by each. Thereafter, the plaintiff alleged that the diversion of waters from said rivers by defendants was wrongful and without consent of the plaintiff, and those entitled to the use of said waters were unlawfully deprived thereof and thereby the plaintiff and its Indian wards were suffering irreparable injury.

The plaintiff asked in its prayer to the bill of complaint that "a permanent injunction issue, enjoining * * * defendants, * * * from maintaining or using said dams and ditches * * * and from diverting any of the waters from Lodge Grass Creek or Little Big Horn River and their tributaries. * * *" The above is all the relief specifically asked.

Answers were filed which, in general, denied the allegations of the bill, admitted ownership in land within the reservation, admitted the diversion of the waters of the rivers for irrigation purposes, and alleged that the defendants were successors in interest to the original patentees, Indians of the Crow Tribe. The lands had been acquired by purchase, some from the government at public sale, after the decease of the original allottees, and some by purchase from the original patentees. The defendants further alleged that the lands had been allotted to the Indians as irrigable lands and that these lands were purchased as such and with all rights.

Defendants Dethlefsen and Yates each filed an answer and counterclaim and alleged in their respective answers that there were numerous others similarly situated who should be made parties defendant and a motion was made to that effect, which was denied. The plaintiff, in its reply to the answer of the Dethlefsens, denied this allegation. At the trial defendants offered to prove this fact, to which objection was made, and sustained on the ground that the matter had been disposed of by the denial of the motion to make other parties defendant.

The court found from the evidence that defendants Tschirgi were not in possession of, nor had control over, the lands described in the bill; that the lands owned or leased by defendants Antler Land Co., the Belkens, Walsh, Campbell, the Henmans, the Millers, the Yates, and the Dethlefsens, were allotments formerly owned by members of the Crow Tribe of Indians and situated within the boundaries of the Crow Indian Reservation in the state of Montana; that

the patents issued by the government to the original allottees, in addition to conveying the described lands, contained the following language: "Together with all rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging"; that there was no reservation of water rights in any of these patents or deeds; that the Indian allottees conveyed to the defendants, or their predecessors, or lessors, by warranty deeds, conveying the premises, "together with all tenements, hereditaments and appurtenances"; that defendants or their predecessors in interest constructed irrigation ditches to convey water from the Little Big Horn river and Lodge Grass creek to the lands in question and that the plaintiff aided in the construction of some of these ditches and headgates; that "One-half miners' inch of water per acre at the point of delivery on the irrigated land is sufficient for the proper irrigation of the lands belonging to the defendants and the Crow Indians which are irrigable from the Little Big Horn River and Lodge Grass Creek and their tributaries"; that no classification of lands of deceased Indians was made but that the "allotting agent did classify the lands of living Indians and such portions of the living Indians' lands as had a similar status to the lands of the Antler Land Company affected by this action, were classified as 'irrigable'"; that the Crow Indians gave the Secretary of the Interior permission to construct irrigation ditches with tribal money but did not authorize him to withhold the use of water in respect to any particular land or Indian and he made no rules or regulations for a division of the waters on the reservation among various individual Indians or various tracts of land within the reservation.

The trial court concluded that plaintiff had failed to establish a cause of action against defendants Tschirgi, who were granted a decree of dismissal; also that the Crow Indians, in their treaty with plaintiff in 1868, reserved the right to the use of the waters of Little Big Horn river, Lodge Grass creek, and their tributaries to an extent necessary to irrigate all lands irrigable from said streams and the right so reserved continued to exist against the United States in favor of the individual Indians and their grantees and their successors in interest; that the waters were reserved to individual Indians and not to the tribe; that under the treaty of 1868 each member of the Crow Tribe secured a

vested right in the use of sufficient water to irrigate his irrigable land to the extent of 40 acres and such vested right has priority as of May 7, 1868, and, subject to the limitation of acreage, each irrigable acre is entitled to the same amount of water as any other acre and, in the event of shortage, its pro rata share of the available water, whether the land is under government ditch or not; that the purchaser of such lands, whether from the Indian allottee or at government sales, acquires the title and rights held by the Indian allottees and is entitled to the same character of water right with equal priority as was held by his Indian grantor; that the attempt of plaintiff to make regulations granting certain members of the Crow Tribe of Indians the right to use said waters to the exclusion of other members is a usurpation of power and illegal; that each defendant is entitled to a water right to the extent of one-half miners' inch of water per acre delivered on said land, for the actual acreage that was under irrigation at the time title passed from the Indian allottee by his deed or from the plaintiff at such sales of deceased Indian allotments.

Decree was entered in favor of defendants in accordance with the findings and conclusions set forth above, and plaintiff appeals.

The Crow Indian Reservation was established by a treaty between appellant and the Crow Indians dated May 7, 1868, 15 Stat. 649. There was in the treaty no express reservation of water for irrigation or other purposes. There was, however, an implied reservation. Winters v. United States, 207 U.S. 564, 575, 28 S.Ct. 207, 52 L.Ed. 340. The implied reservation was to the Indians, not to appellant. Skeem v. United States, 9 Cir., 273 F. 93, 95; Conrad Investment Co. v. United States, 9 Cir., 161 F. 829, 831; Winters v. United States, 9 Cir., 143 F. 740, 745, affirmed in 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340.

By the Act of April 11, 1882, 22 Stat. 42, Congress ratified an agreement between appellant and the Crow Indians, whereby the Crows ceded to appellant a portion of the territory originally included in their reservation, in consideration of which it was agreed that appellant would cause the agricultural lands remaining in the reservation to be properly surveyed and divided among the Crows in severalty, in specified proportions, and would issue patents to them respectively, therefor, as soon as the necessary laws were passed by Congress, and that allotments of said lands should be made in the manner specified.

By section 1 of the Act of February 8, 1887, 24 Stat. 388, 25 U.S.C.A. § 331 and note, it was provided: "That in all cases where any tribe or band of Indians has been, or shall hereafter be, located upon any reservation created for their use, * * * the President of the United States be, and he hereby is, authorized, whenever in his opinion any reservation or any part thereof of such Indians is advantageous for agricultural and grazing purposes, to cause said reservation, or any part thereof, to be surveyed, * * * and to allot the lands in said reservation in severalty to any Indian located thereon in [specified] quantities."

Section 5 of the act, 25 U.S.C.A. § 348, provided: "That upon the approval of the allotments provided for in this act by the Secretary of the Interior, he shall cause patents to issue therefor in the name of the allottees, which patents shall be of the legal effect, and declare that the United States does and will hold the land thus allotted, for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made, or, in case of his decease, of his heirs according to the laws of the State or Territory where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever."

Appellees are patentees, or successors in title of patentees, to whom appellant conveyed allotted lands, in fee, pursuant to the Acts of April 11, 1882, and February 8, 1887, supra. These patents conveyed to the patentees the lands therein described, "together with all rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging."

Section 7 of the act, 25 U.S.C.A. § 381, provided: "That in cases where the use of water for irrigation is necessary to render the lands within any Indian reservation available for agricultural purposes, the Secretary of the Interior be, and he is hereby, authorized to prescribe such rules and regulations as he may deem necessary to secure a just and equal distribution thereof among the Indians residing upon any such reservations; and no other appro-

priation or grant of water by any riparian proprietor shall be authorized or permitted to the damage of any other riparian proprietor."

To render all or any of the lands within the Crow Reservation available for agricultural purposes, the use of water for irrigation was necessary. For such irrigation, the waters of Lodge Grass creek, Little Big Horn river, and their tributaries, were available. Therefore, by section 7, supra, the Secretary of the Interior was authorized to prescribe rules and regulations to secure the just and equal distribution of said water among the Crow Indians, but he was not authorized, by rule, regulation, or otherwise, to deprive any allottee or patentee of lands in the Crow Reservation, or the successor in title of any such allottee or patentee, of his just and equal right to the use of said waters.

By section 31 of the Act of March 3, 1891, 26 Stat. 1039, Congress ratified an agreement between appellant and the Crow Indians, whereby the Crows ceded to appellant a further portion of the territory originally included in their reservation, and appellant, in consideration thereof, agreed to pay $946,000, of which $200,000 was to be expended under the direction of the Secretary of the Interior in the building of dams, canals, ditches, and laterals for the irrigation of lands in the reservation, and $75,000 was to be expended under the Secretary's direction for the maintenance and management of a "system of irrigation" provided for in the agreement. The agreement provided "that this cession shall not be construed to deprive without his or her consent any individual Indian of the Crow Tribe of his or her right to any tract of land selected by him or her in conformity with said treaty [of May 7, 1868], or as provided by the agreement approved by Congress April 11, 1882."

Appellant contends that, prior to the Treaty of May 7, 1868, all rights in and to the waters of Lodge Grass creek, Little Big Horn river, and their tributaries, were the property of appellant; that all such rights were by said treaty reserved to appellant and have never been relinquished; that no one else—Indian or white—has ever had the right to divert or use any of said waters without appellant's consent; that no such right was conveyed to or acquired by any patentee of allotted lands in the Crow Reservation; and that, in diverting and using said waters for the irrigation of their lands, appellees are trespassers, and should be enjoined. Appellant's contention is unsupported by authority and is contrary to holdings of this court in Skeem v. United States; Conrad Investment Co. v. United States; and Winters v. United States, supra.

The District Court was right in holding that appellant was not entitled to an injunction, or to any relief in this case.

What right, if any, appellant and appellees, or any of them, may have to divert or use the waters of Lodge Grass creek, Little Big Horn river, and their tributaries, cannot be determined in this suit. Such a determination would directly and materially affect all owners of lands within the reservation, many of whom are not parties to this suit. In attempting by its decree to determine appellees' rights, in the absence of these necessary parties, the trial court erred.

The decree is modified by striking therefrom so much thereof as purports to grant affirmative relief to defendants, and by incorporating in said decree an order dismissing without prejudice the counterclaim of appellees Yates and Dethlefsen together with an order denying plaintiff's application for an injunction and dismissing its bill of complaint, without prejudice. As so modified, the decree is affirmed.