**UNITED STATES v. ALEXANDER et al.**
**FLATHEAD IRR. DIST. v. SAME.**
No. 10095.

Circuit Court of Appeals, Ninth Circuit.
Nov. 10, 1942.

Rehearing Denied Dec. 18, 1942.

HEALY, Circuit Judge, dissenting.

———————◆———————

Norman M. Littell, Asst. Atty. Gen., of Washington, D. C., John B. Tansil, U. S. Atty., of Billings, Mont., Vernon L. Wilkinson, Atty., Dept. of Justice, of Washington, D. C. (Kenneth R. L. Simmons, Dist. Counsel, United States Indian Field Service, of Billings, Mont., of counsel), for the United States.

Pope & Smith, Walter L. Pope, and Russell E. Smith, all of Missoula, Mont., for appellants Flathead Irr. Dist. and Dennis A. Dellwo.

Lloyd I. Wallace, of Polson, Mont., for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

We are asked to review a decree entered in a suit brought to enjoin the owners of

certain Indian allotments on the Flathead Indian Reservation from diverting water through their privately constructed ditches in excess of amounts allocated to them and their predecessors by the Secretary of the Interior in 1921.

█ The reservation in question is situated in Montana and was created by treaty in 1855. For a part of its history, see United States v. McIntire, 9 Cir., 101 F.2d 650. The treaty impliedly reserved all waters on the reservation to the Indians. Winters v. United States, 207 U.S. 564, 577, 28 S.Ct. 207, 52 L.Ed. 340; United States v. Powers, 9 Cir., 94 F.2d 783, 785. Being reserved, water rights could be obtained only as specified by Congress.

The General Allotment Act, Act of Feb. 8, 1887, Ch. 119, § 7, 24 Stat. 390, 25 U.S.C.A. § 381, provided in part: "In cases where the use of water for irrigation is necessary to render the lands within any Indian reservation available for agricultural purposes, the Secretary of the Interior is authorized to prescribe such rules and regulations as he may deem necessary to secure a just and equal distribution thereof among the Indians residing upon any such reservations * * *."

Section 9 of the Act of April 23, 1904, 33 Stat. 302, as amended by the Act of May 29, 1908, 35 Stat. 444, 448, § 15, provided in part: "The land irrigable under the systems herein provided, which has been allotted to Indians in severalty, shall be deemed to have a right to so much water as may be required to irrigate such lands without cost to the Indians for construction of such irrigation systems. * * * All lands allotted to Indians shall bear their pro rata share of the cost of the operation and maintenance of the system under which they lie."

In United States v. McIntire, 9 Cir., supra, one Pablo attempted to obtain a water right on the reservation by filing a notice of appropriation in 1907. This court held that no such right was obtained because the only specification by Congress as to who had a water right was the amended act of 1904 which provided that (1) the irrigable lands under the irrigation systems, but only that which had been allotted to the Indians in severalty, had a water right (2) in the amount of "so much water as may be required to irrigate such lands".

A map, dated April, 1914 of the Department of the Interior states that when completed, the project will consist of 16 reservoirs having an aggregate area of 117,556 acres and an aggregate capacity of 1,949,-970 acre-feet, and 896 miles of canals. It describes the irrigation plan as follows: "The plans for the Flathead project provide for the irrigation of about 152,000 acres of land in various parts of what was formerly the Flathead Indian Reservation, water being diverted from creeks and rivers rising in the Mission Mountains and conducted by canals directly to the land and to reservoirs for the storage of flood water. The gravity supply will be supplemented when necessary by pumping from Flathead Lake * * *" At the time of trial the plan had been modified so that 138,000 acres instead of 152,000 acres was the amount ultimately to be irrigated.

In 1934, a total of 60,215 acres were irrigated, of which 54,580 acres of land were owned by whites. Of the balance of Indian-owned land, only 1,875 acres were irrigated by Indians, the remainder being leased.

The United States brought this suit in 1936 to enjoin the owners of certain Indian allotments from diverting water through their privately constructed ditches in excess of amounts allocated by the Secretary of the Interior in 1921. After decision of United States v. McIntire, 9 Cir., supra, Flathead Irrigation District and one Dellwo, an owner of an Indian allotment within the district, intervened praying for a decree that appellees (defendants below) were entitled to a pro rata share of the water, such share being ratably proportioned between all lands, allotted as well as unallotted lands, and restraining appellees from diverting more than that amount.

The court below found that appellees had diverted water in the amounts complained of, but that in doing so, appellees had not "acted wrongfully or unlawfully"; that it was not shown that the United States had "suffered great or irreparable or any injury, loss or damage by reason of" such diversion; and: "The natural flow of water on the Flathead Indian Reservation in Montana is not sufficient to irrigate the irrigable area of all of the Indian allotments on that Reservation to the extent necessary to produce crops to the full extent of the soil thereof, though there is sufficient water to raise good crops on all of the irrigable area of Indian allotments on the Flathead Indian Reservation in Montana if a large part of the water stored annually in the

Flathead Irrigation Project system during the spring run-off and after the irrigating season is over in the fall is added to natural flow during the irrigating season on the Flathead Indian Reservation in Montana." Decree was entered for appellees, from which this appeal was taken by the United States and the interveners.

The argument of the United States is summarized as follows: "The Government on this appeal does not rely upon the 'secretarial decrees' and makes no attempt to sustain their validity. It contends, on the contrary, that all irrigable lands on the Flathead Indian Reservation, whether allotted or surplus, have equal water rights, and that all diversions, whether from Government or private ditches, are to be administered by the project engineer. The Government further contends that the diversions made by the defendants are in excess of their pro rata share—from which it follows that the Government and the interveners are entitled to injunctive relief".

■■ The government's claim cannot be sustained. Before it would be entitled to an injunction it must show that appellees have wrongfully diverted water. No violation of the Act of April 23, 1904, as amended by the Act of May 29, 1908 is shown, since there is no claim that appellees used an amount of water in excess of "so much water as may be required to irrigate such lands". The only other alleged violation would be on the theory that the unallotted lands had a water right of equal priority with those of appellees, and that appellees had used more than their pro rata share.

■ Assuming, without expressing an opinion thereon, that the water rights of appellees and those of the unallotted lands were of equal priority, as stated in United States v. McIntire, 9 Cir., supra, the general allotment act (25 U.S.C.A. § 381) requiring "just and equal distribution" would be applicable here because of the insufficiency of the water supply. That statute provides for promulgation of such rules and regulations as the Secretary of the Interior might deem necessary to secure the just and equal distribution of water. No such rules and regulations have been promulgated herein pursuant to that statute. The so-called "secretarial decrees" related to alleged "private" rights and were not of the character required. There not being a rule or regulation, of course a violation thereof could not be shown.[1]

■ What has been said disposes also of the claim for injunction of the interveners based on the same grounds. However, interveners also seek a decree adjudicating that the water rights of the allotted lands and the water rights of the unallotted lands are of the same priority. Appellees contend that such a decree cannot be made here because of the absence of indispensable parties. We think the latter contention is sound. United States v. Powers, 9 Cir., 94 F.2d 783, 786.

It is contended that the latter case is distinguishable because there the decree awarded a fixed quantity of water which clearly affected absent parties, whereas here a decree as prayed for would not only not injuriously affect the absent parties, but would actually benefit them. There is certainly no assurance that a decree in favor of the absent parties would be made. It might be against them, in which event the absent parties would be injuriously affected. A determination of the question of priority is actually a determination of a controversy between owners of allotted lands and owners of unallotted lands. Certainly it does not comport with reason to say that we will make such a determination when one class of owners is not represented in this suit.

Affirmed.

HEALY, Circuit Judge (dissenting).

I think the injunctive relief should have been granted and that the case should be reversed.

---

[1] Included in the record are some rules promulgated by the Secretary of the Interior for the management of the Flathead Irrigation Project. There is nothing to show that such rules were promulgated under the general allotment act. They appear to be rules promulgated under the amendment of 1908 to § 9 of the Act of April 23, 1904.